FILED
98 MAR 9 PM 2:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

SARA DUNCAN, )
    Plaintiff, )
     )
-vs.- ) No. CV-97-P-2250-S
     )
CITY OF FULTONDALE, et al., )
    Defendants. )
     )

ENTERED
MAR 9 1998

## OPINION

The City of Fultondale and the City of Fultondale Gas Board have filed motions to dismiss which were heard at a recent motion docket. Because the plaintiff has failed to state a claim for which relief can be granted, these motions are due to be GRANTED.

### Facts

The Plaintiff, Sarah Duncan, was terminated from her position at the City of Fultondale Gas Board and made a timely and appropriate appeal of the termination to the Jefferson County Personnel Board. The Personnel Board upheld the termination in an Opinion and Decision dated August 19, 1997. On August 23, 1997, Ms. Duncan filed an appropriate appeal of the Personnel Board's decision with the Circuit Court of Jefferson County. Ms. Duncan's Circuit Court appeal is still pending.

In September 1997, Ms. Duncan filed this federal suit against the City, the Gas Board, and the Personnel Board alleging that the Gas Board's termination procedures constitute a violation of her right to due process.

23

Analysis

Ms. Duncan's procedural due process claim is not ripe for adjudication in federal court. A completed violation of procedural due process does not arise "unless and until the state refuses to provide due process". *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Even where an individual suffers an initial procedural deprivation, she has not suffered a violation of due process unless and until the state refuses to make available a means to remedy the deprivation. *McKinney v. Pate*, 20 F.3d 1550, 1563 (1994).

Ms. Duncan's federal complaint alleges that the Gas Board's termination procedures were improper and biased against her such that they constitute a deprivation of procedural due process. This is the same issue currently under review by the Jefferson County Circuit Court. Thus, the State has not refused to provide a remedy for the Personnel Board's alleged deprivation. This court cannot review the adequacy and fairness of Ms. Duncan's termination until all of the State's procedural steps have been exhausted. In other words, Ms. Duncan's due process claim does not arise as long as the Jefferson County Circuit Court can cure an alleged procedural violation with a later remedy. Because Ms. Duncan's federal complaint seeks review of a state process that is not yet complete, it does not state a claim for which relief can be granted and is therefore due to be DISMISSED without prejudice.

Dated: March 9, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Ms. Sarah Duncan
    Michael G. Graffeo
    Greg Morris